## Case No. 2,474.

### CARTER v. CARLISLE et al.

[1 Hayw. & H. 246.][1]

Circuit Court, District of Columbia. Dec. 21, 1846.

DISSOLUTION OF INJUNCTION ON BILL AND ANSWER.

Upon a motion to dissolve an injunction upon bill and answer, the charges in the bill being fully met and denied by answer but denial partly upon information and belief, and the court upon inquiry concludes that there are such facts and circumstances appearing upon the face of the plaintiff's bill, which when taken in connection with the answer upon the points denied upon belief only as are equivalent to the testimony of a witness upon such points, then this injunction should be dissolved.

[In equity. Bill by Henry Carter against J. M. Carlisle, J. B. Gardiner & Co., Franklin Gardiner, and R. C. Washington, to set aside a deed of trust, and for other relief. Complainant obtained a preliminary injunction, which defendants now move to dissolve.]

It appears that Mr. Washington was engaged in this city in 1845 in the dry goods business, and had some of his paper remaining out in September in the same year, at

[1] [Reported by John A. Hayward, Esq., and Geo. C. Hazleton, Esq.]

which time he and Mr. Carter became partners in the same business; that they continued as partners till January, 1846. During the partnership all Mr. Washington's paper was retired, and the partnership paper substituted to an amount upon which the parties differ; that the terms of dissolution were that Mr. C. should take goods to the amount he invested in the partnership, and make a further purchase of $3,000 of goods from Washington, and that Washington should pay all the debts, and that he would indemnify Carter and hold him harmless. Mr. C. charges that Washington, Gardiner & Co. and F. Gardiner, after the dissolution, by false and fraudulent representation, induced the other creditors of the firm to extend the partnership paper; and by the same means induced them to sell Washington a large stock of goods on credit, and under the assurance that no lien existed or should be given upon any of the stock. Yet (he charges) three days after the goods were received in Washington he (W.), in pursuance of a fraudulent agreement with Gardiner & Co. and F. Gardiner, made a deed of all he possessed to J. M. Carlisle, in trust for the benefit of said G. & Co. and F. G. Mr. C. prays upon these grounds, insomuch as he is bound upon the partnership paper outstanding, and not upon Washington's individual debts, and all Washington's assets are conveyed to the use of said Gardiner & Co. and F. Gardiner, that the deed be set aside, and a receiver appointed for the benefit of all the creditors. Under the deed mentioned above, Mr. Carlisle, as trustee, took possession of the goods, and was about to sell them when Mr. Carter filed this bill (June 22, 1846) and obtained an injunction restraining him from so doing. The defendants answered the bill, and denied every allegation of fraud, confederacy and false representation charged therein, as well as many of the statements of fact.

Jos. H. Bradley, for plaintiff.
Lenox and Jas. M. Carlisle, for defendants.

MORSELL, Circuit Judge, after reviewing the facts in the bill and answer, and remarking that the charges in the bill carefully met and denied by the answer, as far as charges against these defendants, proceeds to inquire whether there are such circumstances appearing upon the complainants' case as would be equivalent to the testimony of a witness in support of the answer upon these points denied by belief only, and, after detailing them, concludes that these facts and circumstances appear to me to be entirely inconsistent with the supposition that there was any lien or trust on the stock of goods conveyed by the deed, as claimed by the complainant, Carter, and that these circumstances, taken in connection with the answer, which expressly denies all notice of such lien, are sufficient to overcome the allegations in the bill. If there

even were such an agreement as stated in the bill, I think it must be considered as personal, and that the complainant trusted to the personal security and personal contract of Washington, of which contract the defendants have had no notice. The fact that Carter still enjoys the benefit of the part of the agreement which gave him possession of so great a part of the goods, thereby affirming the agreement, as before alluded to, his silence again during a period of time long enough to have made himself more fully acquainted with all the circumstances he complains of without warning the public thereof, and the other circumstances before stated, are sufficient in my mind to show that there is no truth in the charge. I think the condition also sufficiently proved, and on the whole think the injunction ought to be dissolved.